UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSOC, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUORA, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-06518-VC<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO AMEND**<br><br>Re: Dkt. Nos. 78, 80 |

　　　　Quora's motion to dismiss is granted. The '591 patent is invalid under 35 U.S.C. § 101.

　　　　1. The '591 patent is directed to the abstract idea of a social network. *See* '591 Pat. 1:1-4 ("Method and System for Establishing and Using a Social Network to Facilitate People in Life Issues"); Plaintiff's Opposition to Motion to Dismiss, Dkt. No. 84, at 12-14; *see also Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347, 2355 (2014). NetSoc's assertion that a computer-implemented social network does not fall within section 101's implicit exception for abstract ideas is wrong. *See* 2019 Revised Patent Subject Matter Eligibility Guidance (USPTO), 84 Fed. Reg. 52 (January 7, 2019) (explaining that methods for "managing . . . relationships or interactions between people (including social activities . . .)" are unpatentable abstract ideas); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) ("an abstract idea does not become nonabstract by limiting the invention to a particular . . . technological environment").

　　　　2. The patent's claimed improvements to the social-network concept are also abstract, so they do not transform the idea into a patent-eligible application. *See Alice* at 2357. The claims describe a system that allows participants to gain credibility as their responses to inquiries earn

positive ratings from other users. Other improvements include allowing users to direct their inquiries to participants according to geography or area of expertise, or to make referrals to one another. *See* '591 Pat. 17:30-47, 18:31-46; Plaintiff's Opposition, Dkt. No. 84, at 15, 18. Because the social network exists on the internet, implementing these features will require the use of computer technology. But the claims do not describe any improvements to the technology itself, and "recit[ing] that the abstract idea . . . will be implemented using the conventional components and functions generic to" networks is not enough. *Affinity Labs of Tex., LLC v. Directv, LLC*, 838 F.3d 1253, 1263 (Fed. Cir 2016). As the underlying system and the improvements described are fundamentally abstract, the features' purported novelty is of no consequence. *See Bridge & Post, Inc. v. Verizon Communications, Inc.*, 778 F. App'x 882, 892 (Fed. Cir. 2019) ("Where a claim's essential advance is abstract, a novel method of performing that advance does not avoid the problem of abstractness.").

    3. Because the '591 patent is invalid and NetSoc's proposed amended complaint asserts infringement of no other patents, the motion for leave to amend is denied as moot. *See* Second Amended Complaint, Dkt. No. 77 (asserting infringement of the '591 patent only).

    **IT IS SO ORDERED.**

Dated: January 27, 2020

_____
VINCE CHHABRIA
United States District Judge